

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2008

# Mendoza v. Larotonda

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4626

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mendoza v. Larotonda" (2008). *2008 Decisions*. Paper 1414.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1414

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-131

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4626
_____

HIGINIO MENDOZA,

Appellant,

v.

BLAISE P. LAROTONDA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 07-cv-00210)
District Judge: Honorable David S. Cercone

_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 22, 2008

Before:   BARRY, CHAGARES AND GREENBERG, <u>CIRCUIT JUDGES</u>.

(Opinion Filed   March 19, 2008)

_____

OPINION
_____

PER CURIAM

   Appellant, Higinio Mendoza, appeals from the District Court's order dismissing

his complaint for failure to state a claim, and as otherwise frivolous.

This case arises from various convictions entered against Mendoza in May 1998 for motor vehicle offenses and his failure to pay the associated fines and costs.[1]  Mendoza was served with two Notice of Payment Hearing Determinations, dated February 12, 2007, regarding his failure to pay these fines, with a scheduled hearing of February 20, 2007.[2]  After he failed to appear, Magisterial District Judge Blaise P. Larotonda issued a bench warrant for his arrest.  Mendoza was arrested on June 4, 2007.

On February 21, 2007, Mendoza filed a complaint seeking to preclude the "Notice of Payment Determination Hearing" scheduled for February 20, 2007, before Judge Larotonda, from going forward.  Mendoza also seeks money damages stemming from the consequences of the proceeding and the ongoing suspension of his motor vehicle operating privileges.  Rather than filing an amended complaint, as Rule 15(a) of the

---

[1]  Mendoza was ticketed on March 21, 2006, for driving while operating privilege suspended or revoked in violation of 75 C. S. 1543 and driving without a license in violation of 75 Pa. C. S. 1501.  He was ticketed again on May 24, 2007, for driving while operating privilege suspended or revoked in violation of 75 Pa. C. S. § 1543.  At that time he was asked to sign an acknowledgment that his license had been surrendered as a result of a prior suspension.  Mendoza has a history of driving while his driver's license is suspended, in violation of 75 Pa. C. S. § 1543, which dates back to at least February 5, 1998.

[2]  On February 12, 2007, Magisterial District Judge Blaise D. Larotonda of Allegheny County issued two Notice of Payment Determinations to Mendoza.  The first informed Mendoza that the penalty associated with his violation of 75 Pa. C. S. § 1786, operating a vehicle with the required financial responsibility insurance, amounted to $374.50.  According to the Notice, Mendoza had partially paid this penalty, and $219.50 remains outstanding on the charge.  The second Notice informed Mendoza that he owed $267.00 for violation of 75 Pa. C. S. § 1543, driving while operating privilege suspended or revoked.

Federal Rules of Civil Procedure permits once as a matter of course, Mendoza filed a motion for leave to amend. His motion, filed on June 18, 2007, alleges due process violations, false arrest, and loss of employment and emotional hardship resulting from his June 4th arrest, in violation of his constitutional rights pursuant to 42 U.S.C. § 1983.

The complaint names Judge Larotonda as the sole defendant. The United States District Court for the Western District of Pennsylvania considered both Mendoza's original complaint, and the amendments contained in the motion to amend, and dismissed Mendoza's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it (1) failed to state a claim upon which relief could be granted, and (2) was based on an indisputably meritless legal theory. We will dismiss the appeal if it lacks an arguable legal or factual basis. See 28 U.S.C. § 1915(e)(2)(B); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We agree with the District Court that Mendoza has failed to state a procedural due process violation. A state provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a government body, whether or not the plaintiff avails himself or herself of the provided appeal mechanism. DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 597 (3d Cir. 1995), overruled on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392 (3d Cir. 2003). Here, the bench warrant was issued as a result of Mendoza's failure to appear at the noticed February 20, 2007 hearing, where he would have been free to contest the validity of the underlying traffic violations and penalties levied against him.

3

Should Mendoza wish to challenge his convictions and penalties, the appropriate remedy is an appeal.  Furthermore, to the extent that Mendoza seeks to enjoin the February 20, 2007 hearing, his request was moot on February 21, 2007, the day he filed the complaint and the District Court therefore lacked jurisdiction to review that request.  Adapt of Philadelphia v. Philadelphia Hous. Auth., 433 F.3d 353, 361 n.9 (3d Cir. 2006) (mootness presents a jurisdictional issue).

We also agree with the District Court that Mendoza has failed to state a claim under § 1983 against Judge Larotonda.  Judge Larotonda is immune from suit for issuing the bench warrant against Mendoza because judges enjoy "a comparatively sweeping form of immunity" for official acts taken in their functional capacity as judges.  See Forrester v. White, 484 U.S. 219, 225 (1988); Gallas v. Supreme Court of Pa.,  211 F.3d 760, 768 (3d Cir. 2000) (judges are immune from suit under § 1983 for monetary damages arising from their judicial acts).  Here, the Notice of Hearings and the Bench Warrant were issued by Judge Larotonda in his official capacity, and therefore Judge Larotonda is entitled to judicial immunity.

Having found no merit to this appeal, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).